UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 25-CR-126-CJN |
| **RICKY HOWARD** | : | |

### OPPOSITION TO MOTION TO DISMISS WITHOUT PREJUDICE

Ricky Howard, through undersigned counsel, files this opposition to the government's motion to dismiss without prejudice, and respectfully requests this Honorable Court dismiss this case *with* prejudice.

### BACKGROUND

On June 9, 2024, Mr. Howard was arrested by members of MPD and charged, in Superior Court case 2024 CF2 005624, with unlawful possession of a firearm and carrying a pistol without a license. According to the *Gerstein* affidavit, an alleged switchblade was found on Mr. Howard at the time of his arrest. But only the firearm offenses were charged in Superior Court. At his initial appearance on June 10, 2024, he was ordered detained pre-trial. On October 28, 2024, Mr. Howard was released on bond pending trial in his Superior Court case.

On April 30, 2025, a federal grand jury returned a one-count indictment against Mr. Howard for unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). As in his initial Superior Court case, the alleged switchblade was not charged in this court. On May 14, 2025, Mr. Howard appeared before this Court for his initial appearance and was again released on conditions.

Jury selection and trial were set to begin in this case on November 17, 2025. But on November 13, 2025, the government informed the Court that becuase of evidentiary and other issues, it would dismiss the firearm charge and proceed with a misdemeanor prosecution for the

1

switchblade in Superior Court.  On November 14, 2025, the government filed a motion to dismiss the indictment without prejudice.  Mr. Howard now seeks dismissal with prejudice.

## ARGUMENT

Dismissal with prejudice is appropriate in Mr. Howard's case.  Chief Judge Boasberg recently issued a dual-decision explaining when cases should be dismissed with prejudice over government opposition.  *See United States v. Jones*, Case No. 25-MJ-145, ECF No. 28 (Nov. 4, 2025); *United States v. Nguyen*, Case No. 25-MJ-170 (Nov. 4, 2025).  When the government seeks dismissal without prejudice under Federal Rule of Criminal Procedure 48(a), courts have a responsibility "to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging."  *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).  "If a court finds that dismissal without prejudice would result in harassment of the defendant, Rule 48(a) accordingly empowers the court to dismiss with prejudice instead."  *Jones*, ECF No. 28 at 3-4 (citing *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989).

Chief Judge Boasberg describes this analysis as a two-part inquiry.  If a defendant challenges the government's motion to dismiss without prejudice, the government "has the initial burden of explaining" why it is seeking dismissal.  *United States v. Madzarac*, 678 F. Supp. 3d 42, 46 (D.D.C. 2023).  Once this burden has been met, dismissal without prejudice is "presumptively valid."  *Id.*

The reviewing court then has a responsibility to determine whether the presumption has been rebutted because dismissal without prejudice would "result in harassment of the defendant or would otherwise be contrary to the manifest public interest."  *Id.* If so, a court may reject the motion to dismiss without prejudice and instead enter an order dismissing with prejudice.

2

In general, the presumption has been overcome if the government is using dismissal without prejudice to "gain a position of advantage, or to escape from a position of less advantage," *id.*, or to harass a defendant by "charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the" government," *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973).

In the unique jurisdiction of the District of Columbia where the United States Attorneys' Office controls prosecutions in both this court—the federal district court—and D.C. Superior Court, Chief Judge Boasberg has created a workable rule in determining whether some cases should be dismissed with or without prejudice. In cases where the government has indicated, or the court has reason to believe, that the U.S. Attorney's Office is seeking to dismiss its case in this court only to bring charges in D.C. Superior Court, dismissal *with* prejudice is appropriate to safeguard a defendant from being bounced back and forth between the two court systems in D.C. For example, Chief Judge Boasberg dismissed Mr. Nguyen's case without prejudice because "if the Government does not plan to proceed with this case, there is little, if any, harm done to it by a dismissal with prejudice." *Jones*, ECF No. 28 at 7. But, in Ms. Jones's case, the Chief Judge held that because the government intended to bring charges in another venue, *i.e.* Superior Court, "dismissal without prejudice would result in the harassment of Jones because it would allow her to be haled back into federal court in the future." *Jones*, ECF No. 28 at 8.

Under this precedent, Mr. Howard's case should be dismissed with prejudice because the government has indicated that it intends to proceed in Superior Court. Indeed, the government has already filed an information against him there. If the government were to seek to return to federal court, Mr. Howard "will have faced prosecution" in Superior Court, had his local charges dismiss, "faced prosecution in District Court, had [his] federal case dismissed, been charged in Superior

3

Court [a second time], had [his] local case dismissed, and then been brought back to District Court to restart the process from the beginning." *Jones*, ECF No. 28 at 9. Mr. Howard would have been bounced between courts an extra time as compared to Ms. Jones. *See id.* Thus, as in Ms. Jones's case, the Court should dismiss Mr. Howard's case with prejudice.

                                                   Respectfully Submitted,

                                                   A.J. KRAMER
                                                   FEDERAL PUBLIC DEFENDER

                                                   _____/s/_____
                                                   TEZIRA ABE
                                                   Assistant Federal Public Defender
                                                   625 Indiana Ave. N.W., Suite 550
                                                   Washington, D.C. 20004
                                                   (202) 208-7500