UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RICKY HOWARD,**<br><br>Defendant. | Case No. 25-CR-00126 (CJN) |

**GOVERNMENT'S CONCURRENCE TO DEFENDANT'S
MOTION TO DISMISS WITH PREJUDICE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this concurrence to the defendant's response to the government's Motion to Dismiss. *See* ECF No. 19. As the Court is aware, the government moved to dismiss the one-count indictment pending in this Court on November 14, 2025. *See* ECF No. 18. As the government noted during the November 13 Pretrial Conference, the government learned of certain legal and evidentiary issues as it prepared for trial that led the government to exercise its discretion and move to dismiss the indictment. Although the government does not anticipate re-bringing a felon-in-possession charge against the defendant, the government's Motion to Dismiss sought dismissal without prejudice.

On November 4, 2025, however, Chief Judge Boasberg issued an opinion in *United States v. Nathalie Rose Jones*, Case No. 25-mj-148, in which the Court dismissed defendant Jones's case in U.S. District Court with prejudice. *See* Case No. 25-mj-148, ECF Nos. 27, 28. Under Chief Judge Boasberg's reasoning in the *Jones* matter, 25-mj-148, and the procedural facts of the instant case, the Government agrees that the same result would follow in this matter.[1]

---

[1] Notwithstanding that the government does not oppose the defendant's request to dismiss

        Respectfully submitted,

        JEANNINE FERRIS PIRRO
        UNITED STATES ATTORNEY

By:    <u>*/s/ Christopher R. Howland*</u>
        Christopher R. Howland
        Assistant United States Attorney
        Fraud, Public Corruption, and Civil Rights
        United States Attorney's Office
        District of Columbia
        DC Bar No. 1016866
        601 D Street NW
        Washington, D.C. 20530
        202-252-7106
        Christopher.Howland@usdoj.gov

---

the federal case with prejudice, the government does not concede that the factors outlined by Chief Judge Boasberg in the *Jones* matter are applicable here. To the contrary, this case is more akin to Chief Judge Boasberg's analysis with respect to defendant Nguyen. Specifically, as in the *Nguyen* matter, during the government's preparations for trial, the government determined it was "not prudent to move forward with the case 'based on current evidence.'" *Jones*, Case No. 25-mj-148, ECF No. 28 at 7. Nor has the government engaged in "harassment" of the defendant or a "back and forth" regarding the felon-in-possession charge. Instead, the government brought a case in Superior Court that included several gun charges, as well a D.C. Code charge related to the switchblade found in Mr. Howard's pocket. When the case was adopted into federal court, the government did not include a charge related to the switchblade. Following the discovery of evidentiary and legal issues with respect to the gun charge, the government moved to dismiss the case in federal court. But none of the issues discovered by the government during the preparation for trial related to the switchblade. Put differently, the government did not gain any legal or evidentiary advantage with respect to the switchblade by dismissing the federal gun charge. And as the government conceded, it does not anticipate rebringing the gun charge, whether in Superior Court or U.S. District Court. Thus, although the government would be within its rights to continue to seek dismissal of the gun-charge without prejudice, the "harm done to [the government] by a dismissal with prejudice" is effectively non-existent. *Id*. Accordingly, the government does not oppose the defendant's motion to dismiss the indictment with prejudice.